## Commonwealth v. Chassey's Tavern, Inc.

*Barnet S. Lotstein,* Assistant District Attorney, for Commonwealth.

*A. Charles Peruto,* for defendant.

MARSHALL, J., January 17, 1973.—The district attorney of Philadelphia filed a complaint in equity under the Liquor Code of April 12, 1951, P. L. 90, art. VI,

sec. 611, 47 PS §6-611, seeking to enjoin the operation of "The Gay Nineties," owned by Chassey's Tavern, Inc., et al., alleging that the operation of the bar and restaurant at 301-303 S. 11th Street, Philadelphia, Pa., constituted a nuisance. The district attorney seeks to have a permanent injunction issued prohibiting "The Gay Nineties" from being used as a restaurant licensed for the sale of liquor and malt beverages.

A rule to show cause was granted on June 9, 1972, requiring defendants to show why the injunction should not issue. On the same day, a temporary writ of injunction was issued restraining defendants from conducting a nuisance until the conclusion of the proceedings.

A hearing was held by this court on the continuation of the temporary injunction against this bar as well as eight other establishments on June 16, 1972, and continued over a period of one week. At the conclusion of these hearings, the temporary injunction was ordered to remain in effect until the conclusion of all proceedings.

Hearings were held on the permanent injunction on July 19, 1972. Testimony was offered by the Commonwealth and defendants. Both the Commonwealth and defendants stipulated that the evidence presented at the earlier hearings on the temporary injunction was to be incorporated into the record of this hearing and further stipulated that certain reports made by the investigating police officers and district attorney detectives could be considered by the court as evidence on behalf of the Commonwealth subject to the rules of evidence.

At the conclusion of this hearing, defendants made a motion to lift the temporary injunction which was granted.

## ISSUES

There are two issues before this court:

1. Does this court have jurisdiction over this injunction action brought by the district attorney under §6-611 of the Liquor Code?

2. Assuming the court has jurisdiction, does the evidence establish that defendants have operated and permitted the establishment known as "The Gay Nineties" to be operated in such a manner as to constitute a nuisance?

### PRELIMINARY OBJECTIONS ON JURISDICTION

Defendants orally made preliminary objections to the complaint challenging the jurisdiction of this court. Defendants contended that §6-611 of the Liquor Code, 47 PS §6-611, did not apply to licensees of the Liquor Control Board and that this section of the code applies to persons or organizations not licensed to deal with liquor or malt beverages. Defendants base this conclusion on the origin of this section of the code during the prohibition era and argue that the subsequent history of the section compels this interpretation.

The Commonwealth contends that §6-611 of the code represents an additional enforcement method supplementing the citation and revocation of license procedures accorded to the Pennsylvania Liquor Control Board.

The power accorded to the Pennsylvania Liquor Control Board by the legislature is to control the manufacture, sale, consumption, use and storage of liquor in the Commonwealth, but it is not the exclusive agency vested with investigative and prosecutorial authority over Liquor Code violations. The legislature has given specific authority to deal with certain phases of liquor activity to the Attorney General and to the district

attorney of the county in which the activity takes place by enacting §6-611 of the code. There is nothing in this section of the code or in the history of its enactment which limits its applicability to nonlicensees. Moreover, the code itself, 47 PS § 1-104(a), requires a liberal construction of its terms, thereby preventing this court from giving §6-611 of the code the narrow application suggested by defendants.

Furthermore, the cases indicate that actions under this section have been brought against licensees innumerable times. While none of the reported cases indicates a jurisdictional challenge was made, such an issue was raised in Commonwealth v. Nelli's 500 Club et al., May term, 1970, no. 4251, Court of Common Pleas of Philadelphia. In his adjudication of that case, Honorable Gregory Lagakos held that the court did have jurisdiction. This court likewise finds that §6-611 does grant jurisdiction and power to the court to hear actions brought against licensees of the Liquor Control Board. Defendants' preliminary objections challenging jurisdiction of this court are denied.

## FINDINGS OF FACT

1. "The Gay Nineties" is a bar and restaurant located at 303 S. 11th Street, Philadelphia, Pa.

2. During the course of the investigation conducted by the district attorney's office, Police Officers Healy and Kenney visited "The Gay Nineties" a total of 10 times. These visits were made on March 10, 14, 15, 17, 29, 31, 1972, April 7, 22, 1972, May 5-6, 19, 1972.

3. On four of the 10 visits, either one or both of the police officers were solicited to buy drinks by a girl at the bar. These occasions were March 29, 1972, March 31, 1972, April 7, 1972, April 22, 1972.

4. On all four occasions the girls were dressed in

street clothes and had not been seen dancing on stage, or platform, nor did they tend bar or serve drinks.

5. On three occasions, when the officers invited the girls to leave, each girl said she would stay until closing at 2 a.m.

6. District Attorney Detective Sansone visited "The Gay Nineties" on March 17, 1972. He was asked to buy drinks by two different girls, both dressed in go-go costumes. He later saw one of them on the stage dancing.

7. On the same visit, District Attorney Detective Sansone observed the bartender serve liquor to an obviously intoxicated individual.

8. The allegations contained in paragraph 7 of the complaint concerning failure to prominently display the liquor license have not been proved by the Commonwealth. From photographs produced by defendants marked Exhibits D-1a, 1b, 1c, this court finds that the license was prominently displayed.

9. Food was available at this establishment in sufficient quantity to satisfy the requirements of the Pennsylvania Liquor Control Act.

10. There was sufficient light in "The Gay Nineties" to satisfy the requirements of the act.

11. While there is some evidence that solicitations to purchase alcoholic beverages were made on some occasions, when considering the evidence as a whole, it fails to show that defendants did permit such solicitation or even knew of the solicitations.

12. Defendants did not employ females for the purpose of enticing and encouraging customers to drink liquor; with only one exception, the solicitations were made by women in street clothes with no evidence of any employment of these women by the defendants.

13. Defendants did not permit persons engaged as

entertainers to have contact with patrons; nor does it appear that entertainers did have contact with patrons except for one reported instance with Detective Sansone.

## CONCLUSIONS OF LAW

1. The Liquor Code §6-611 is applicable to defendants who are licensees.

2. This section of the code is a proper basis for bringing an equity action to prohibit the use of the building for the sale of alcoholic beverages.

3. Defendants did not permit persons, employes and entertainers on the premises of "The Gay Nineties" to solicit or entice patrons of the bar for the purpose of purchase by them of alcoholic beverages in violation of the Pennsylvania Liquor Control Board Regulations 110.02 and 143.01. Of 11 visits by various officers and detectives, only one abortive attempt to solicit drinks was made by one go-go girl who could have been considered an employe or entertainer.

4. The operation of "The Gay Nineties" bar during the period March 10, 1972, to May 19, 1972, did not constitute a nuisance as defined in the Liquor Code §6-611.

## DISCUSSION

The Commonwealth presented testimony from two police officers and one district attorney detective. The two police officers were subject to cross-examination. Written reports of all officers and detectives were admitted without objection into evidence.

Defendants presented extensive testimony from the owner and manager, Jack Ettinger, and three regular patrons of the bar. All were subjected to vigorous cross-examination.

The court is convinced that the Commonwealth failed to prove by a preponderance of the evidence

that the operation of "The Gay Nineties" constitutes a nuisance as defined in the statute §6-611 of the Liquor Code.

The four specific incidents of solicitation related by the police officers indicate that the women involved were dressed in ordinary street clothes and did not appear on stage as entertainers or for any other duties indicating that they were employed by the bar. There was no testimony that the bartender was aware of the solicitation or within ear shot of the girl and the officer at the time the approach was made. After having served the girl and taken the officer's money for several drinks, the bartender on one occasion took an order from the girl and without permission formally given, took money from the officer.

The only visit by the district attorney detective was March 17, 1972. On that night he was approached by two girls separately and asked to buy drinks. On each occasion, he refused. One of these girls was seen by Detective Sansone later in the evening dancing on the stage. This single incident of solicitation by an entertainer out of 12 visits to the establishment does not represent a systematic and regular practice. Jack Ettinger, manager of the bar, testified that he did employ go-go girls and had told them not to mingle with customers. Moreover, other patrons of the bar testified on behalf of the defendants. None reported any mingling with patrons by go-go girls. Those patrons recalled seeing go-go girls at the bar but not drinking with the men. While these patrons could not recall the exact dates on which they visited "The Gay Nineties," two considered it their neighborhood taproom and visited as often as 4-5 times a week. Without a specific recollection of dates, they could not contradict the testimony of the officers.

The court accepts the testimony of the the police officers, the district attorney detective and the defense witnesses concerning the observations of solicitation. Considering all of the testimony, the court is convinced that the Commonwealth has failed to show by a preponderance of evidence that the operation of "The Gay Nineties" constitutes a nuisance. The incidents outlined in the findings of fact indicate that if any solicitation for drinks was being made by women present at the bar, it was by the women on their own and without knowledge or permission of the management or employes of defendants. Nor were the solicitations systematic or flagrant as to be obvious to the other persons present at the bar.

Therefore, for all of the above-stated reasons and in the exercise of its discretion, this court denies the Commonwealth's request for the issuance of a permanent injunction against "The Gay Nineties."

## DECREE NISI

And now, January 17, 1973, upon consideration of the records, arguments and after hearing, it is hereby ordered, adjudged and decreed that "The Gay Nineties" does not constitute a nuisance under the statute, §6-611 of the Pennsylvania Liquor Control Act, and that the request of the Commonwealth for a permanent injunction prohibiting the operation of "The Gay Nineties" bar and restaurant be denied.

The prothonotary is directed to give notice immediately to the parties or their attorneys of record of the filing of the decree nisi and if no exceptions be filed thereto within 20 days after service of the notice, to enter upon praecipe the said decree nisi as a final decree.